Submitted January 3, reversed February 20, 2020

In the Matter of A. I. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. H.,
*Appellant.*

Hood River Circuit Court
19JU04817; A172183 (Control)

In the Matter of A. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. H.,
*Appellant.*

Hood River Circuit Court
19JU04818; A172184

In the Matter of A. R. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. H.,
*Appellant.*

Hood River Circuit Court
19JU04821; A172185

457 P3d 1115

Karen Ostrye, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

## PER CURIAM

In this consolidated juvenile dependency case involving three siblings, father appeals three judgments taking jurisdiction over the children based on the jurisdictional allegation that there was a current risk of harm to the children because "father has a history of chemical abuse involving methamphetamine, that unremedied disrupts his ability and availability to adequately and appropriately parent, that endangers his liberty and sobriety to appropriately parent, and that makes him a danger to the child[ren]." On appeal, father argues that the juvenile court erred in taking jurisdiction based on his history of methamphetamine use. In response, the Department of Human Services (DHS) concedes that the evidence is insufficient to establish that father's history of methamphetamine use posed a current, nonspeculative risk of harm to the children, and that the juvenile court erred. ORS 419B.100(1)(c); *Dept. of Human Services v. A. W.*, 276 Or App 276, 278, 367 P3d 556 (2016) ("To establish jurisdiction pursuant to ORS 419B.100(1)(c), DHS must present evidence sufficient to support a conclusion that the child's condition or circumstances expose the child to a current threat of serious loss or injury that is likely to be realized."). We agree with and accept DHS's concession that the evidence is legally insufficient to establish that father's history of methamphetamine use posed a current, nonspeculative risk of harm to the children. Accordingly, we reverse the jurisdictional judgments.

Reversed.